UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FREDRICK ANDREW MORRIS,

    Plaintiff,

  v.                                      Case No. 19-CV-1864

SUZANNE PETERS, RACHEL LARSON,
JOHN KIND, MICHAEL T. JEAN,
SCOTT ECKSTEIN, STEVE BOST,
SHANE GARLAND, JESSE AULT,
ASHLEY GUERRERO, TOM LARSON,
MICHAEL WASIELEWSKI, JOHN ROSE,
CHRISTOPHER MATSCHE, JACOB HEFFERNAN,
PATRICE SCHREIBER, and BRANDON FULLER,

    Defendants.

## ORDER

On May 26, 2020, the court held a video conference regarding Morris' Notice of Failing Health (ECF No. 36) during which Morris authorized the release of his medical records. (ECF No. 49.) The court ordered the release of Morris's medical records so that the defendants could provide the court with more information about his medical condition, directed the defendants to file a report regarding the circumstances surrounding Morris' alleged five-year stay in administrative confinement, and ordered defendant Suzanne Peters to file a response to Morris's motion at ECF No. 46. (ECF No. 50 at 1-2.)

On June 1, 2020, the state defendants filed a supplemental response to Morris's notice of failing health and court order to provide information regarding

Morris's health and housing status (ECF No. 53); a declaration of Gareth Fitzpatrick, who is the assistant manager of the Health Services Unit and Columbia Correctional Institution (ECF No. 54); relevant portions of Morris's medical records (ECF No. 54-1); Division of Adult Institutions policy regarding hunger strikes and tube feeding (ECF No. 54-2); Division of Adult Institutions policy regarding administrative confinement (ECF No. 54-3); a declaration of Michael Glass, who is the restrictive housing unit manager at Columbia Correctional Institution (ECF No. 55); an October 31, 2018 recommendation for administrative confinement for Morris (ECF No. 55-1); and Morris's "Inmate Status Changes" document, which shows various sub-statuses Morris has been on during his confinement, such as disciplinary separation, controlled segregation, observation clinical, administrative confinement, etc. (ECF No. 55-2).

Morris was administered supplemental nutrition through a nasogastric tube, without complication, until May 14, 2020, when he began to accept nutrition on his own. (ECF No. 53 at 2.) He was under nurse supervision until May 23, 2020, at which time security staff took over monitoring his ingestion of nutritional supplements and medication, which he continues to take without issue. (*Id.*) Based on the defendants' submissions, the court will not take further action regarding the concerns raised in Morris's notice of failing health.

Morris filed a response to defendant Suzanne Peters's answer to the complaint in which he challenges the validity of Peters's denials in her answer, and he appears to move the court to strike Peters's affirmative defenses regarding Morris's

2

requirement that he exhaust his administrative remedies. (ECF No. 46.) Peters asserts that she properly denied some of Morris's allegations because she lacked knowledge or information sufficient to form a belief about their truth. The court agrees that Peters's justification for the denial is proper. *See* Fed. R. Civ. P. 8(b)(5). Moreover, an affirmative defense (such as failure to exhaust administrative remedies) pled in general terms is sufficient and invulnerable to a motion to strike, as long as it gives the plaintiff fair notice of the nature of the defense. *See* 5 Wright & Miller, et al., *Federal Practice & Procedure* § 1274 (3d ed). Morris has not shown that Peters's answer should be stricken.

On June 2, 2020, Morris filed a "supplemented amended complaint" which sets forth several new allegations against defendants Peters and Larson. (ECF No. 56 at 1-2.) Morris also filed an "Explanation of amended complaint and staff misconduct" in which he says that, after receiving the court's *pro se* guide, he rewrote the "entire case" and he wants his supplemented amended complaint to replace the original complaint. (ECF No. 56 at 3.) Because Morris filed his amended complaint within twenty-one days after the defendants answered the complaint, he may file his amended complaint without leave of the court. *See* Fed. R. Civ. P. 15(a)(1)(B) ("A party may file an amended complaint once as a matter course within twenty-one days after service of a responsive pleading."). However, Morris's supplemented amended complaint does not rewrite the entire complaint; it is deficient because it does not include the names of all of the defendants (it simply says "et al." for all defendants other than Peters) and it does not request any relief. The court will mail Morris a

3

complaint form that he should use to submit a revised amended complaint. Morris may file a revised amended complaint within twenty-one days of the date of this order. If Morris files a revised amended complaint, the court will screen it under 28 U.S.C. § 1915A. If Morris does not file a revised amended complaint, his original complaint (ECF No. 1) will remain the operative complaint.

**THEREFORE, IT IS ORDERED** Morris' request to strike (ECF No. 46) is **DENIED.**

**IT IS FURTHER ORDERED** that Morris may file a revised amended complaint, using the enclosed form complaint, within twenty-one days of the date of this order.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Morris a prisoner form complaint along with this order.

Dated at Milwaukee, Wisconsin this 12th day of June, 2020.

*[signature: William E. Duffin]*

WILLIAM E. DUFFIN
U.S. Magistrate Judge