UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FREDRICK ANDREW MORRIS,

                Plaintiff,

v.

SUSAN PETERS, RACHEL LARSON, JOHN KIND, MICHAEL T. JEAN, SCOTT ECKSTEIN, STEVE BOST, SHANE GARLAND, JESSE TULT, ASHLEY GUERRERO, TOM LARSON, MICHAEL WASIELEWSKI, JOHN ROSE, CHRISTOPHER MATSCHE, JACOB HEFFERNAN, PATRICE SCHREIBER, and BRANDON FULLER,

                Defendants.

Case No. 19-CV-1864-JPS

**ORDER**

Plaintiff Fredrick Andrew Morris, proceeding in this matter *pro se*, filed a complaint alleging that Defendants violated his constitutional rights. (Docket #1). On March 17, 2020, Magistrate Judge William Duffin screened the complaint and allowed Plaintiff to proceed with two claims of deliberate indifference in violation of the Eighth Amendment.[1] (Docket #19 at 4–6). In his first claim, Plaintiff alleged deliberate indifference to his serious medical needs when he went on a hunger strike in April 2018 and was not tube fed, in violation of a court order. (*Id.*) In the second claim, Plaintiff alleged deliberate indifference to his reported suicidal ideation on July 9, 2018. (*Id.*) Specifically, Plaintiff sought to be placed on observation status, but was instead told he would be "alright." (*Id.* at 4). Plaintiff then used materials to

---

[1]On June 25, 2020, this case was reassigned to this branch of the Court.

try and hang himself and ended up waiting "some time" before he was cut down. (*Id.*)

On July 8, 2020, the State Defendants[2] filed a motion for summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies on the claims against them. (Docket #68). On July 16, 2020, Defendant Susan Peters ("Peters") also filed a motion for summary judgment for Plaintiff's failure to exhaust his administrative remedies. (Docket #75). These motions have been fully briefed, and for the reasons explained below, they will be granted. The Court will also address Plaintiff's pending motion to dismiss Peters' motion for summary judgment as duplicative, (Docket #82), motion for injunction, (Docket #101), and motion for emergency injunction, (Docket #102).

1. **LEGAL STANDARDS**

    **1.1    Summary Judgment**

Federal Rule of Civil Procedure 56 provides that the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016). A fact is "material" if it "might affect the outcome of the suit" under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The court construes all facts and reasonable inferences in the light most

---

[2]The "State Defendants" are Rachel Larson, John Kind, Michael T. Jean, Scott Eckstein, Steve Bost, Shane Garland, Jesse Tult, Ashley Guerrero, Tom Larson, Michael Wasielewski, John Rose, Christopher Matsche, Jacob Heffernan, Patrice Schreiber, and Brandon Fuller.

favorable to the non-movant. *Bridge v. New Holland Logansport, Inc.*, 815 F.3d 356, 360 (7th Cir. 2016).

### 1.2 Exhaustion of Prisoner Administrative Remedies

The Prison Litigation Reform Act ("PLRA") establishes that, prior to filing a lawsuit complaining about prison conditions, a prisoner must exhaust "such administrative remedies as are available." 42 U.S.C. § 1997e(a). To do so, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). He must do so precisely in accordance with those rules; substantial compliance does not satisfy the PLRA. *Id.*; *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005). A suit must be dismissed if it was filed before exhaustion was complete, even if exhaustion is achieved before judgment is entered. *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). The exhaustion requirement furthers several purposes, including restricting frivolous claims, giving prison officials the opportunity to address situations internally, giving the parties the opportunity to develop the factual record, and reducing the scope of litigation. *Smith v. Zachary*, 255 F.3d 446, 450–51 (7th Cir. 2001). Failure to exhaust administrative remedies is an affirmative defense to be proven by a defendant. *Westefer v. Snyder*, 422 F.3d 570, 577 (7th Cir. 2005).

#### 1.2.1 Inmate Complaint Review System

The Wisconsin Department of Corrections ("DOC") maintains an inmate complaint review system ("ICRS") to provide a forum for administrative complaints. Wis. Admin. Code § DOC 310.04. The ICRS "allow[s] inmates to raise in an orderly fashion issues regarding department policies, rules, living conditions, and employee actions that personally affect the inmate or institution environment, including civil

rights claims." *Id.* § DOC 310.01(2)(a). Before commencing a civil action or special proceedings, "inmate[s] shall exhaust all administrative remedies the [DOC] has promulgated by rule." *Id*. § DOC 310.05.

There are two steps an inmate must take to exhaust the available administrative remedies. First, the inmate must file an offender complaint with the Institution Complaint Examiner ("ICE") within fourteen days of the events giving rise to the complaint. *Id.* § DOC 310.07(2). The ICE may reject the complaint or return the complaint to the inmate and allow him or her to correct any issue(s) and re-file within ten days. *See id.* § DOC 310.10(5),(6). If the complaint is rejected, the inmate may appeal the rejection to the appropriate reviewing authority within ten days. *Id.* § DOC 310.10(10).[3] If the complaint is not rejected, the ICE issues a recommendation of either dismissal or affirmance to the reviewing authority. *Id.* § DOC 310.10(9),(12). The reviewing authority ("RA") will affirm or dismiss the complaint, in whole or in part, or return the complaint to the ICE for further investigation. *Id.* § DOC 310.11(2).

Second, if the ICE recommends, and the RA accepts, dismissal of the complaint, the inmate may appeal the decision to the Corrections Complaint Examiner ("CCE") within fourteen days. *Id.* §§ DOC 310.09(1), 310.12. The CCE issues a recommendation to the Secretary of the Department of Corrections, who may accept or reject it. *Id.* §§ DOC 310.12(2), 310.13. The inmate exhausts this administrative process when either he or she receives the Secretary's decision. *Id.* § DOC 310.13(2),(3). If the inmate does not receive the Secretary's written decision within ninety

---

[3]The ICRS defines a "reviewing authority" as "a person who is authorized to review and decide an inmate complaint." Wis. Admin. Code § DOC 310.03(15).

days of the date of receipt of the appeal in the CCE's office, the inmate shall consider the administrative remedies to be exhausted. *Id.* § DOC 310.13(4).

## 2. RELEVANT FACTS

Plaintiff was incarcerated at Green Bay Correctional Institution ("GBCI") when the two alleged incidents occurred. (Docket #70 at 1). As to the first incident, Plaintiff went on a hunger strike in April 2018. (Docket #1 at 1–2; Docket #70 at 2). He claimed that Defendant Rachel Larson, a registered nurse at GBCI, and Defendant Peters, a nurse practitioner who provided healthcare to Plaintiff at GBCI, refused to tube feed him for two months, in violation of a court order to do so. (Docket #70 at 2; Docket #77 at 1).

Plaintiff filed three inmate complaints regarding tube feeding. (Docket #70 at 2–3). The ICE received Plaintiff's first inmate complaint on June 15, 2018. (*Id.* at 2). The ICE dismissed the complaint after conferring with the medical staff, who indicated that Plaintiff did not need to be tube fed at that time. (*Id.* at 3). Plaintiff appealed the dismissal to the RA. (*Id.*). The RA affirmed the dismissal, and Plaintiff never appealed the RA's decision. (*Id.*) Plaintiff filed a second inmate complaint on July 3, 2018. (*Id.*) The ICE rejected the inmate complaint as duplicative pursuant to Wis. Admin. Code § DOC 310.10(6)(g). (*Id.*) Plaintiff never appealed the rejection. (*Id.*) Plaintiff filed his third inmate complaint on January 8, 2020. (*Id.*) The ICE rejected the complaint because the issue had previously been addressed in prior inmate complaints and it was filed beyond the 14-day limit. (*Id.* at 3–4). Plaintiff did not appeal the rejection. (*Id.* at 4).

As to Plaintiff's second incident, he experienced suicidal ideation on July 9, 2018. Plaintiff asserted that he told the State Defendants about it, but they took no measures to prevent him from acting upon it. (Docket #1 at 2;

Docket #70 at 2). Further, Plaintiff alleged that Defendant John Kind allowed his staff to let Plaintiff hang for "some time" before being cut down, which caused Plaintiff injury. (Docket #1 at 1–2; Docket #70 at 2).

Plaintiff filed three inmate complaints regarding his July 9, 2018 alleged suicide attempt. (Docket #70 at 4–6). His first inmate complaint was filed on August 6, 2018. (*Id.* at 4). The ICE rejected the complaint because it was the second inmate complaint that Plaintiff filed that week. (*Id.*) Wis. Admin. Code § DOC 310.07(7) only allows an inmate to file one complaint per week, with an exception for complaints regarding health and personal safety. On August 23, 2018, Plaintiff resubmitted his first complaint, which the ICE rejected for three reasons. (*Id.*) First, the complaint was too light to scan into the ICRS. (*Id.*) Second, the inmate complaint contained more than one issue in violation of § DOC 310.07(7). (*Id.* at 5). Third, Plaintiff had already filed a complaint that week, and this second complaint did not meet the § DOC 310.07(7) health and personal safety exception because it was a past event—not a current threat to his health or safety. (*Id.*) Plaintiff never remedied and resubmitted his second inmate complaint. (*Id.*) Plaintiff filed his third and final inmate complaint on November 26, 2019. (*Id.*) The ICE rejected the complaint because it was filed beyond the 14-day limit and Plaintiff did not provide good cause for his late filing. (*Id.* at 5–6). The RA affirmed the rejection. (*Id.* at 6). Plaintiff did not appeal the rejection. (Docket #84 at 6).

3.  **ANALYSIS**

Both the State Defendants and Peters assert that Plaintiff has not exhausted his administrative remedies on the claims against them, and therefore the case must be dismissed. Plaintiff does not dispute that he did not exhaust his administrative remedies. (Docket #93 at 2). Instead, Plaintiff

offers a single excuse for his failure to exhaust—that he was "under duress" by a correctional officer at GBCI. Specifically, Plaintiff alleges that the officer threatened to write him up so that Plaintiff would never get out of restrictive housing if he filed more complaints, and thus Plaintiff did not appeal the inmate complaints at issue in this case. (Docket #91 at 2–3).

Plaintiff's proffered excuse for failing to exhaust his administrative remedies is insufficient to defeat Defendants' motions for summary judgment. During the time that Plaintiff was allegedly "under duress" from the officer, he filed 36 complaints.[4] (Docket #94 at 2). Tellingly, Plaintiff never filed a complaint about the officer threatening him, either while incarcerated at GBCI or after being transferred to another institution. (*Id.*) Moreover, Plaintiff needed to "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. Administrative exhaustion requires strict compliance. *Id.* Simply put, Plaintiff did not comply with the exhaustion requirements.

It is undisputed that Plaintiff failed to exhaust his administrative remedies on the two claims in this case. Plaintiff's explanation for why he did not do so is plainly unsupported by the ICRS documents regarding Plaintiff's numerous, unrelated inmate complaints. Therefore, the Court will grant Defendants' motions for summary judgment and dismiss this case without prejudice.[5]

---

[4]Plaintiff has been incarcerated with the Wisconsin Department of Corrections since October 2014. He has filed 131 inmate complaints since his incarceration, including 66 before the 2018 incidents at issue in this case. Additionally, he has properly exhausted an inmate complaint at least once. (Docket #69 at 11).

[5]Although it seems clear that Plaintiff will not be able to complete the ICRS process for his claims at this late date, dismissals for failure to exhaust are always without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

## 4. CONCLUSION

For the reasons explained above, Defendants' motions for summary judgment for Plaintiff's failure to exhaust, (Docket #68, #75), will be granted. Given that the Court is obliged to dismiss this case without prejudice, Plaintiff's pending motion to dismiss Peters' motion for summary judgment as duplicative, (Docket #82), motion for injunction, (Docket #101), and motion for emergency injunction, (Docket #102), will be denied as moot.

Accordingly,

**IT IS ORDERED** that Defendants' motions for summary judgment for failure to exhaust (Docket #68, #75) be and the same are hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to dismiss Peters' motion for summary judgment as duplicative, (Docket #82), motion for injunction, (Docket #101), and motion for emergency injunction, (Docket #102), be and the same are hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED without prejudice** for Plaintiff's failure to exhaust administrative remedies.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 24th day of February, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge